FILED
APR 26 2016
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| BRIDGET BRASFIELD, | ) ) |
| Defendant. | ) ) |

Case No. 16-cr-30054-SMY

Title 18, United States Code, Sections 1347 and 1957

## INFORMATION

**THE ACTING UNITED STATES ATTORNEY CHARGES:**

### Introduction

At all times relevant:

1. **BRIDGET BRASFIELD** was during the time frame alleged in the information a chiropractic physician licensed by the State of Illinois.

2. **BRASFIELD** operated a physical medicine practice known as Physical Medicine Clinic of Granite City Ltd., which was located in Granite City, Illinois.

3. **BRASFIELD,** while doing business as the Physical Medicine Clinic LTD., entered into participation agreements with various health care benefit programs, both public and private, in order to submit claims for reimbursement to those benefit plans.

4. **BRASFIELD** employed various individuals at her clinic, including a medical doctor whose presence and services would allow for the clinic to submit claims for higher reimbursement than would be allowed without the presence of a medical doctor.

5. Health Care benefit plans commonly referred to as medical insurance have specific coverage limits and requirements for reimbursement for medically reasonable and necessary services that are performed for treatment of specific medical conditions or issues.

## The Scheme to Defraud

6. During and in furtherance of the scheme, **BRASFIELD** submitted and caused to be submitted, to various health care benefit programs, claims for services that falsely and fraudulently stated that a physician had performed services that had not been provided by a physician.

7. As part of the scheme, **BRASFIELD** falsely and fraudulently utilized physicians billing number to submit claims for payment because, as she well knew, the reimbursement or payment for services would be substantially higher if a physician had in fact performed the services.

8. **BRASFIELD,** in furtherance of the scheme, billed for services as if the physician had performed those services, even when the clinic's physician was not in the building and in many instances where the physician was out of the country.

9. Health Care benefit plans falsely billed by **BRASFIELD** included Medicare, Medicaid, Tricare, Blue Cross Blue Shield of Illinois and Coventry Insurance.

## COUNT 1
(Health Care Fraud)

10. Paragraphs 1 through 9 are re-alleged and incorporated by reference as if fully set forth herein.

11. Beginning on or about January 1, 2011 and continuing through on or about January 31, 2014, in Madison County, within the Southern District of Illinois,

2

**BRIDGET BRASFIELD,**

defendant herein, did knowingly and willfully execute a scheme to defraud health care benefit programs, affecting interstate commerce as defined in Title 18, United States Code, Section 24(b), set forth herein, in connection with the delivery of and payment for healthcare benefits and services, by submitting approximately $500,000 in materially false claims for reimbursement, and did so by making materially false and fraudulent representations in these submitted claims that specific services had been performed by a physician and documented, when such services had not been performed by a physician.

All in violation of Title 18, United States Code, Section 1347.

## COUNT 2
(Money Laundering)

12.     Paragraphs 1 through 9 are re-alleged and incorporated by reference as if fully set forth herein.

13.     On or about May 5, 2011, in Madison County, within the Southern District of Illinois,

**BRIDGET BRASFIELD,**

defendant herein, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000, a wire transfer from Bank of Edwardsville account ending in 9601, under **BRASFIELD's** control, into Bank of Edwardsville account ending in 9603, under **BRASFIELD's** control, in the amount of $12,000.00. The $12,000 in funds that had been deposited into the account ending in 9601 and which were transferred to the account ending in 9603, were derived from the specified unlawful activity of Health Care Fraud (Title 18, United States Code, Section 1347) and which monetary transaction involved the deposit, withdrawal,

transfer and exchange, in and affecting interstate commerce, of funds through, and to a financial institution.

All in violation of Title 18, United States Code, Section 1957.

UNITED STATES OF AMERICA

JAMES L. PORTER
Acting United States Attorney
Southern District of Illinois

RANLEY R. KILLIAN
Assistant United States Attorney

SCOTT A. VERSEMAN
Assistant United States Attorney

Recommendation: $25,000 unsecured